Chen v. Holder

BIA
A072 745 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:
>      DENNIS JACOBS,
>      PIERRE N. LEVAL,
>      SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

XIE JIAN CHEN,
           *Petitioner,*

           v.                                   12-2407
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
           *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Leslie McKay,
                       Assistant Director; Ilissa M. Gould,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xie Jian Chen, a native and citizen of China, seeks review of a May 29, 2012 decision of the BIA denying his motion to reopen his removal proceedings. *In re Xie Jian Chen*, No. A072 745 900 (B.I.A. May 29, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings must file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's motion to reopen, filed in 2011, was untimely, because the BIA issued a final order of removal in Chen's case in 2002.

Chen contends, however, that he has established materially changed country conditions excusing his untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Chen's argument that reopening is warranted based on

2

generally worsening country conditions for Christians in China is unexhausted because he did not raise it before the BIA.  We therefore decline to consider it.  *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120 (2d Cir. 2007).

Chen also alleges that the Chinese government recently intercepted mail to his parents containing Chen's criticism of the government's treatment of Christians, and that as a result, village officials visited his parents' house and issued a notice ordering him to report for punishment.  The BIA did not abuse its discretion in finding that Chen did not establish materially changed country conditions on this basis, as the BIA did not err in giving little evidentiary weight to the documents Chen submitted in support of his motion.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008);  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the agency's discretion).  The BIA did not abuse its discretion in declining fully to credit handwritten documents from China that were not notarized or authenticated by any means, or affidavits that were not based on first-hand knowledge, or in rejecting Chen's arguments that he should not be required to

authenticate the documents.  *See Xiao Ji Chen*, 471 F.3d at 341-42; *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk